MICHAEL WITKIN
Name and Prisoner/Booking Number

_____
Place of Confinement

1119 KENTUCKY ST. APT. C
Mailing Address

VALLEJO, CA 94590
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED
JUL 25 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WITKIN
(Full Name of Plaintiff)

Plaintiff,

v.

(1) R. THOMAS
(Full Name of Defendant)
(2) L. BIRD
(3) K. JOHNSON
(4) HUGHES

Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-CV-1310 TLN DB PS
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Deuel Vocational Institution (DVI), Tracy, CA

## B. DEFENDANTS

3. Defendant R. Thomas is a Chief Deputy Warden (CDW) at DVI.

4. Defendant L. Bird is the Warden at DVI.

5. Defendant K. Johnson is a CDW at DVI.

6. Defendant Hughes is a Lieutentant (Lt.) at DVI.

7. Defendant N. Martinez is a Sergeant (Sgt.) at DVI.

8. Defendant DOES 1-20 are state actors identities yet unknown.

////

## C. PREVIOUS LAWSUITS

9. Plaintiff has filed other lawsuits and according to the records of the Eastern District of California he has no PLRA strikes.

# CLAIM I

1. State the constitutional or other federal civil right that was violated: __Eighth Amendment__

2. **Claim I**. Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: __Exercise__

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   10. These defendants improperly used the Coronavirus Disease (COVID-19) pandemic as a pretext to deliberately violate inmate's constitutional rights.
   11. Plaintiff was transferred to DVI as a result of a COVID-19 outbreak at California State Prison Solano in April of 2020.
   12. In April of 2020 there was no vaccine or treatment available for COVID-19 and thus the pandemic could not be effectively controlled by prison officials.
   13. The only exercise opportunity at DVI where the inmates were housed in cells during 2020 was exercise yard. Upon plaintiff's arrival in April inmates were offered exercise yard 7 days a week for one hour per day.
   14. Defendants Thomas, Bird, Johnson and Hughes were responsible for developing a yard schedule and ensuring that inmates received the legal minimum amount of exercise per week.
   15. In September of 2020 the defendants learned that the State of California had slated DVI for closure. The inmate population at the time was already below operating capacity and the remaining inmates were going to be transferred to other institutions.
   16. Upon learning of DVI's pending closure the defendants began dramatically reducing inmate access to the exercise yard. By December of 2020 plaintiff was receiving no exercise time at all.
   17. The policies in effect at that time required the defendants to provide inmates with __.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   22. Plaintiff sustained neck and back pain, stiffness, soreness, energy loss, shortness of breath, headaches, lethargy, loss of range of motion and muscle atrophy. Plaintiff also endured severe muscle and joint pain.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim II?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

a minimum of ten hours of outdoor exercise per week.

18. The defendants knew that denying plaintiff the weekly minimum amount of exercise created an excessive risk to plaintiff's health.

19. In December of 2020 vaccines had become available for COVID-19 and had mitigated the impact of the pandemic, especially by comparison to April of 2020.

20. Instead of fulfilling their duty to provide plaintiff with exercise the defendants lamely blamed the pandemic for their failure to provide plaintiff with exercise, in spite of the fact that the lack of overcrowding at DVI provided them with ample opportunity to control the pandemic.

21. From December 3, 2020 until March 10, 2021 the defendants denied plaintiff meaningful exercise opportunities completely.

## D. CAUSE OF ACTION

### CLAIM II

1. State the constitutional or other federal civil right that was violated: __First Amendment__

2. **Claim I**. Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: ____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

23. Plaintiff had a grievance interview with defendant Martinez on October 29, 2020 with respect to increasingly curtailed exercise opportunities.

24. After being unsatisfied and subsequently having his exercise further reduced to none, plaintiff filed another exercise grievance on February 10, 2021. As an apparent response to that claim prison officials began calling plaintiff to a landscaping job he had been assigned to since 8/19/2020 but had never been called to.

25. On February 13, 2021 defendant Martinez was waiting for plaintiff outside of his work area. When plaintiff arrived Martinez laughed and said "it looks like you're getting your ten hours of out of cell time now." Plaintiff explained to Martinez that he was seeking ten hours a week of exercise time not merely out of cell time.

26. Martinez was waiting on plaintiff at his work area again on February 19 and plaintiff was carrying a bag of ice water. Martinez threatened plaintiff with a counseling chrono for bringing "contraband" (the icewater) home from work and reiterated to plaintiff his position that prison officials only had to provide plaintiff with ten hours of out of cell time per week but not ten hours of exercise.

27. Plaintiff stated to Martinez "I'm threatening you personally with federal civil rights

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

32. As a direct and forseeable result of Martinez's retaliatory conduct plaintiff has suffered, is suffering, and will continue to suffer injuries, in the form of chillling of his First Amendment rights, humiliation, degradation, emotional distress and degradation.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?   ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?   ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ____

5

litigation if you keep participating in these violations of my civil rights."

28. On February 22, 2021 plaintiff was issued a 2 week lay-in for injuries sustained on the first week of landscaping. Defendant Martinez's post was at a four way intersection in the hall where one of the hallways went to the yard. When plaintiff walked by on February 23, Martinez stated "you might as well head back to your cell and work on your exercise lawsuit because you're not going to yard until your lay-in is over."

29. Plaintiff responded "I'm going to yard right now, I haven't had any yard for 75 days. Under §3001 of the Title 15 I'm only subject to the regulations, what regulation says I can't go to yard with a lay-in?"

30. Martinez replied, "I'm saying it. I will personally write you an RVR [rules violation report] if you try to go to yard during your lay-in."

31. As a result of Martinez's unauthorized edict plaintiff was denied an additional two weeks of exercise right around the time prison officials resumed opening the yard.

6

## CLAIM III

1. State the constitutional or other federal civil right that was violated: __First Amendment__

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☒ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: ____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

33. During the time frame of April through November 2020 plaintiff was prosecuting an for damages in Witkin v. Wise 2:19-cv-00974-KJM-KJN (E.D. Cal.) for retaliation.

34. Plaintiff threatened the defendants in that case with a federal civil rights action at a disciplinary hearing which caused them to harbor a retaliatory motive against plaintiff.

35. The defendants then took a series of illegal acts against plaintiff, all of which violated correctional regulations. The defendants denied plaintiff outdoor exercise that was prescribed by law, performed a destructive search of his personal property, and brought false and meritless disciplinary charges against plaintiff.

36. The assigned magistrate judge found those allegations to state a viable claim for First Amendment retaliation.

37. During this period of time defendants Thomas, Bird, Johnson, and education principal DOE 1 were responsible for inmate law library operations. The governing regulation CCR §3123 mandated the defendants to restore physical access to the law library after 15 calendar days of law library paging.

38. These defendants restored all other inmate services by May, many of which were not legally required, such as canteens and dayrooms, where there were acute social distancing

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   See ¶¶40-41.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ____

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

concerns. At the same time they opportunistically used the COVID-19 situation to deny physical law library access to Priority Legal User (PLU) inmates who had active court deadlines, including plaintiff.

39. The law library was extremely spacious in comparison to inmate work sites which were also operating normally by May 2020.

40. The defendants' intentional violation of the First Amendment and their regulations prevented plaintiff from performing legal research.

41. Plaintiff suffered actual prejudice in the <u>Wise</u> case when the defendants filed a motion for partial summary judgment that plaintiff would have defeated if he would have had access to perform legal research.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

These defendants deliberately deprived plaintiff of his federally protected rights. Plaintiff is entitled to damages of each and every nature authorized by federal law. Plaintiff demands that this action be tried by jury pursuant to FRCP 38.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___July 7, 2022___
                        DATE                                     SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.