UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>    Plaintiff,<br><br>    v.<br><br>R. THOMAS, et al.,<br><br>    Defendants. | No. 2:22-cv-01310 TLN DB P<br><br><br>ORDER |

Plaintiff, a former inmate at Deuel Vocational Institution ("DVI"),[1] proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on July 25, 2022, is before the court for screening. Plaintiff has stated potentially cognizable claims, but not all claims pleaded meet screening standards. Within 30 days, plaintiff must respond to this order informing the court how he chooses to proceed.

**I.  In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF Nos. 2, 6.) The declaration makes the showing required by 28 U.S.C. § 1915(a). Plaintiff's initial motion will be granted, and the subsequent motion will be denied as moot.

---

[1] According to the complaint's address of record, plaintiff was released from custody prior to filing this suit.

1

1  **II.     Screening Requirement**

2  Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis
3  proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a
4  claim on which relief may be granted," or "seeks monetary relief against a defendant who is
5  immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27
6  (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
7  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
8  Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless
9  legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The
10 critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See
11 Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

12 Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement
13 of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.
14 544, 555 (2007). In order to state a claim, a complaint must contain more than "a formulaic
15 recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to
16 raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant
17 fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551
18 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this
19 standard, the court accepts as true the allegations of the complaint and construes the pleading in
20 the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

21 **III.    Allegations in the Complaint**

22 Plaintiff was transferred to DVI in April of 2020. (ECF No. 1 at 3.) The only exercise
23 opportunity was exercise yard. (Id.) When plaintiff arrived, inmates were offered exercise yard
24 for one hour per day, seven days a week. (Id.)

25 Defendants Thomas, Bird, Johnson, and Hughes were responsible for developing yard
26 schedule and ensuring inmates received the legal minimum amount of exercise per week. (ECF
27 No. 1 at 3.) Upon learning in September of 2020 that DVI was going to be closed, the defendants
28 began dramatically reducing inmate access to the exercise yard. (Id. at 3.)

1          On October 29, 2020, plaintiff had a grievance interview with defendant Martinez about his increasingly curtailed exercise opportunities. (ECF No. 1 at 5.)

          By December of 2020, plaintiff was receiving no exercise time, even though defendants knew denying plaintiff the weekly minimum amount of exercise created an excessive risk to plaintiff's health. (ECF No. 1 at 4.) From December 3, 2020, until March 10, 2021, the defendants denied plaintiff meaningful exercise opportunities completely. (Id.) Instead of fulfilling their duty to provide plaintiff with exercise, the defendants blamed the COVID-19 pandemic for their failure to provide plaintiff with exercise. (Id.)

          Plaintiff filed another exercise grievance on February 10, 2021. (ECF No. 1 at 5.) In what appeared to be a response to that grievance, plaintiff was called for the first time to a landscaping job he had been assigned to for several months. (Id.)

          On February 18, 2021, defendant Martinez was waiting for plaintiff outside plaintiff's work area. (ECF No. 1 at 5.) When plaintiff arrived, Martinez laughed and said, "It looks like you're getting your ten hours of out of cell time now." (Id.) Plaintiff explained he was seeking ten hours of exercise time not merely out of cell time. (Id.)

          On February 19, 2021, defendant Martinez was waiting at plaintiff's work area again. (ECF No. 1 at 5.) Plaintiff was carrying a bag of ice water. Martinez threatened plaintiff with a counseling chrono for bringing "contraband" (the ice water) home from work. (Id.) Martinez stated prison officials only had to provide plaintiff with ten hours of out of cell time per week, and not ten hours of exercise. (Id.) Plaintiff stated, "I'm threatening you personally with federal civil rights litigation if you keep participating in these violations of my civil rights." (Id. at 5-6.)

          On February 22, 2021, plaintiff was issued a 2 week lay-in for injuries sustained on the first week of the landscaping job. (ECF No. 1 at 6.) Martinez stated "you might as well head back to your cell and work on your exercise lawsuit because you're not going to yard until your lay-in is over." (Id.) Plaintiff asked "what regulation says I can't go to yard with a lay in?" (Id.) Martinez replied, "I'm saying it. I will personally write you a Rules Violation Report ("RVR") if you try to go to yard during your lay-in." (Id.) As a result, plaintiff was denied an additional two weeks of exercise right around the time prison officials re-opened the yard. (Id.)

During the time frame April through November of 2020, plaintiff was prosecuting a First Amendment retaliation civil rights case in Witkin v. Wise, 2:19-cv-00974-KJM-KJN. (ECF No. 1 at 7.) Defendants Thomas, Bird, Johnson, and Doe 1 were responsible for inmate law library operations. (Id.) These defendants restored other inmate services by May, such as canteens and dayrooms, but used the COVID-19 situation to deny physical law library access to inmates with active court deadlines even though the law library was extremely spacious in comparison to other sites operating normally by May of 2020. (Id. at 8.) The defendants' actions prevented plaintiff from performing legal research. Defendants filed a motion for partial summary judgment that plaintiff could have defeated if he had access to perform legal research. (Id.)

### IV. Screening of the Complaint

#### A. Legal Standards under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a constitutional right or federal law under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 does not provide a mechanism for remedying alleged violations of state law. Galen v. Cty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). An individual defendant is not liable for a civil rights violation unless the facts establish that defendant's personal involvement in some constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by a plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, if she does an affirmative act, participates in another's affirmative acts or omits to perform an act which she is legally required to do that causes the deprivation of which complaint is made." Johnson, 588 F.2d at 743.

////

////

### B. Eighth Amendment

An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement has two requirements, one objective and one subjective. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Under the objective requirement, the prison official's acts or omissions must deprive an inmate of "the minimal civilized measure of life's necessities." Id. at 834. This requires the inmate to demonstrate "conditions posing a substantial risk of serious harm" that present an "excessive risk to [his] health or safety." Id. at 834, 837.

"The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference" to a serious threat to an inmate's health and safety. Farmer, 511 U.S. at 834. To demonstrate deliberate indifference, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Id. at 837.

Deprivation of outdoor exercise may violate the Eighth Amendment rights of inmates confined to continuous and long-term segregation. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). At the same time, outdoor exercise privileges may be restricted for disciplinary or security purposes. LeMaire v. Maass, 12 F.3d 1444, 1458 (9th Cir. 1993) (upholding long-term denial of outdoor exercise to prisoner posing serious security risk who can exercise in his cell); see also Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) (declining to find whether deprivation of outdoor exercise is per se unconstitutional). "[A] temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (holding that denial of exercise for 21 days was not a violation of Eighth Amendment). The Ninth Circuit has made clear there is no bright line test to determine if and when an inmate is constitutionally entitled to outdoor exercise. See Norbert v. City & Cnty. of San Francisco, 10 F.4th 918, 933 (9th Cir. 2021).

Here, plaintiff alleges that from December 3, 2020, until March 10, 2021, defendants Thomas, Bird, Johnson, and Hughes denied him meaningful exercise opportunities completely, using the COVID-19 pandemic as an excuse. (ECF No. 1 at 3.) While there might have been a

5

legitimate penological purpose for the claimed deprivation, the court does not reach that conclusion based solely on the complaint's allegations. For screening purposes, plaintiff has stated a potential conditions of confinement claim. See, e.g., Marti v. Manning, No. 2:21-CV-01829 DB P, 2022 WL 4348289, at *6 (E.D. Cal. Sept. 19, 2022) (citing collected cases and finding similar claims have regularly screening despite the possibility of a legitimate justification); Ross v. Johnson, No. 2:22-CV-00259-CDS-VCF, 2022 WL 17543003, at *4 (D. Nev. June 23, 2022) (finding colorable claim that prison officials instituted modified program operations in response to the COVID-19 pandemic that severely restricted the plaintiff's outdoor exercise).

### C. First Amendment

#### 1. Retaliation

A retaliation claim in the prison context has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Watison v. Carter, 668 F.3d 1108, 1114 (2012). First, the plaintiff must allege he engaged in protected conduct, such as the filing of an inmate grievance. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Second, the plaintiff must allege the defendant took adverse action against the plaintiff. Id. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Watison, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads a lack of valid penological purpose by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious or were unnecessary to the maintenance of order in the institution. Watison, 668 F.3d at 1114-15.

Plaintiff adequately alleges he engaged in protected conduct of which defendant Martinez was aware. Plaintiff had filed a grievance about the lack of outdoor exercise and had threatened Martinez that he would file a further civil rights suit. See Entler v. Gregoire, 872 F.3d 1031,

1039-43 (9th Cir. 2017) (inmate's threat to file a grievance or lawsuit is protected conduct just as the grievance or lawsuit itself is protected conduct). He also alleges he suffered an adverse action. See Brodheim, 584 F.3d at 1270 (threat of harm can be an adverse action).

Plaintiff alleges defendant Martinez retaliated against him for his protected conduct by (1) threatening plaintiff with a counseling chrono for bringing ice water home from work, and (2) refusing to allow plaintiff to go to yard threatening an RVR if plaintiff attempted to go to yard while he had a lay-in. Plaintiff also alleges his First Amendment rights were chilled.

Liberally construing the complaint, for screening purposes, the court infers there was no valid penological purpose for preventing plaintiff from attending yard while he had a lay-in, and that Martinez had a retaliatory motive for the alleged conduct. Similarly, for screening purposes, the court infers that the ice water from work was not contraband and thus that there was no valid penological purpose for threatening to issue a counseling chrono. For screening purposes, plaintiff has stated a potentially cognizable retaliation claim against Martinez.

**2. Access to Courts**

Prisoners have a constitutional right of access to the courts, protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). This right is limited to direct criminal appeals, habeas petitions, and Section 1983 civil rights actions. See Lewis v. Casey, 518 U.S. 343, 354 (1996).

A "backward-looking" access to courts claim alleges that due to official action, a specific case "cannot now be tried (or tried with all material evidence[.]" Christopher v. Harbury, 536 U.S. 413-14 (2002). To state a cognizable claim, a plaintiff must establish that he or she suffered "actual prejudice," such as the inability to meet a filing deadline or to present a claim." Nev. Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348-49. In a "backward-looking" access-to-courts claim, a plaintiff must identify: (1) a "nonfrivolous," "arguable" underlying claim, pled "in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued"; (2) the official acts frustrating the litigation of that underlying claim; and (3) a "remedy available under the access claim and presently unique to it"

7

1    that is "not otherwise available in some suit that may yet be brought." Harbury, 536 U.S. at 415-
2    17.
3        Here, plaintiff claims officials prevented him from performing legal research necessary to
4    defeat a motion for summary judgment filed in another civil rights case. However, the complaint
5    does not satisfy the jurisdictional requirement of alleging an actual injury. See Lewis, 518 U.S. at
6    348 ("Actual injury is a jurisdictional requirement that flows from the standing doctrine and
7    cannot be waived."). The complaint does not allege, for example, how his claims were
8    meritorious, or any non-frivolous argument(s) plaintiff could have made to defeat the defendants'
9    motion for summary judgment. Instead, the complaint contains only threadbare contentions that
10   plaintiff could have defeated the motion for summary judgment if he had been able to perform
11   legal research. Such a conclusion is insufficient to allege a nonfrivolous and arguable underlying
12   claim based on "more than hope." Harbury, 536 U.S. at 415-16.

### V.    Conclusion and Order

Liberally construed, the complaint states the following potential claims: (1) denial of outdoor exercise in violation of the Eighth Amendment against defendants Thomas, Bird, Johnson, and Hughes; (2) retaliation in violation of the First Amendment against defendant Martinez. No other claims are cognizable as pleaded. Plaintiff is granted leave to amend.

If plaintiff elects to proceed forthwith with the cognizable claims, he must notify the court. If, instead, plaintiff elects to amend his complaint, he has thirty days to do so. Although plaintiff has been granted the opportunity to amend, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If amending, plaintiff must focus on curing the deficiencies identified herein.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. The amended complaint should be titled "First Amended Complaint" and reference the case number.

In the alternative, plaintiff may elect to forego amendment and notify the court that he wishes to stand on the original complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-

65 (9th Cir. 2004). If this option is chosen, the undersigned will issue findings and recommendations to dismiss the First Amendment access to courts claim, plaintiff will have an opportunity to object, and then the matter will be decided by a district judge.

In the further alternative, if plaintiff does not wish to amend the complaint or pursue these claims further, then he may file a notice of voluntary dismissal, after which the action will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i).

## VI.   Order

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's initial motion to proceed in forma pauperis (ECF No. 2) is granted; the subsequent motion to proceed in forma pauperis (ECF No. 6) is denied as moot.

2. Within thirty days from the date of service of this order, plaintiff must file one of the following:

    a. An amended complaint;

    b. A notice of election to proceed with the complaint as screened in this order;

    c. A notice of election to stand on the complaint as it was filed; or

    d. A notice of voluntary dismissal.

4. Failure to respond to this order will result in a recommendation that this action be dismissed.

Dated:  February 28, 2023

DLB7
witk1310.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE