1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL AARON WITKIN,                    No. 2:22-cv-01310-DJC-DB-P

12                  Plaintiff,

13         v.                                  ORDER

14    R. THOMAS, et al.,

15                  Defendants.

16

17

18        Plaintiff Michael Aaron Witkin, a former state prisoner proceeding *pro se*, filed

19   this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff alleges that Chief

20   Deputy Warden R. Thomas, Warden L. Bird, K. Johnson, Lieutenant Hughes, Sergeant

21   N. Martinez, and Does 1–20 (together, "Defendants") have violated Plaintiff's

22   constitutional rights by denying him exercise opportunities during the COVID-19

23   pandemic and by retaliating against Plaintiff for filing complaints related to these

24   alleged violations.  The matter was referred to a United States Magistrate Judge

25   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

26        On February 13, 2024, the Magistrate Judge filed Findings and

27   Recommendations herein which were served on all parties and any objections to the

28   Findings and Recommendations were to be filed within fourteen days.  (*See* ECF No.

1

32.)  The Magistrate Judge recommended granting Defendants' Motion to Revoke

Plaintiff's *in forma pauperis* or "IFP" status.  (*See* ECF No. 23.)  For the reasons set forth

below, the Court rejects the Magistrate Judge's Findings and Recommendations,

concluding that Plaintiff's allegation of poverty was true at the time he made the

statement and that Plaintiff did not make any statements in his application in bad faith.

As a result, Plaintiff's case is not dismissed, but Plaintiff is required to pay the filing fee

within 30 days.

**BACKGROUND**

Plaintiff filed the instant lawsuit on July 25, 2022.  (*See* ECF No. 1.)  At the same

time, Plaintiff filed a motion to proceed *in forma pauperis*, claiming that he had no

sources of income in the past twelve months.  (*See* ECF No. 2 at 1.)  Under a question

asking about "[a]ny housing, transportation, utilities, or loan payments, or other

regular monthly expenses[,]" Plaintiff stated that he was "paroled by [the California

Division of Adult Parole Operations] as a 'transient' with an 'alternate' address at the

mailing address on the front of the Complaint."  (*Id.* at 2.)  Plaintiff signed the

declaration attached to his IFP Motion on July 7, 2022.  (*See id.*; *also* ECF No. 6

(providing Plaintiff's IFP Motion filed on 7/28/2022 that states the same and was also

signed on 7/7/2022).)  The Magistrate Judge granted Plaintiff's motion to proceed *in

forma pauperis* on February 28, 2023.  (*See* ECF No. 9.)

Following screening by the Magistrate Judge and the removal of a First

Amendment claim, the Complaint was served on Defendants.  (*See* ECF No. 11.)  On

September 11, 2023, Defendants filed the Motion to revoke Plaintiff's IFP status.  (*See*

ECF No. 23.)  The Magistrate Judge subsequently ordered Plaintiff to complete a form

to proceed without prepaying fees or costs.  (*See* ECF No. 30.)  Plaintiff then filed a

Notice regarding his IFP status on January 16, 2024, stating that "[b]ecause of

plaintiff's full-time employment, he is able to pay such fees and cannot assert

otherwise."  (*See* ECF No. 31 at 1.)  As a result, Plaintiff stated that there was no need

for him to file another notice regarding his IFP status.  (*See id.*)

1    On February 13, 2024, the Magistrate Judge issued the Findings and

2  Recommendations regarding the Motion to revoke Plaintiff's IFP status.  (*See* ECF No.

3  32.)  The Magistrate Judge recommended dismissing Plaintiff's Complaint with

4  prejudice, finding that Plaintiff fabricated the allegations of poverty and that Plaintiff

5  made these allegations in bad faith.  (*See id.* at 4–7.)  The parties timely filed their

6  objections and response.  (*See* ECF Nos. 33–34.)

7                                      **DISCUSSION**

8  **I.     Legal Standard**

9    When a party objects to a portion of a magistrate judge's findings and

10  recommendations, the court must review those portions *de novo*.  *See* 28 U.S.C.

11  § 636(b)(1).  A district judge need not re-consider those portions of the Findings and

12  Recommendations to which there is no objection.  *See, e.g.*, *United States v. Ramos*,

13  65 F.4th 427, 433 (9th Cir. 2023) (citing *United States v. Reyna-Tapia*, 328 F.3d 1114,

14  1121 (9th Cir. 2003)).  After conducting *de novo* review, the district court "may accept,

15  reject, or modify, in whole or in part, the findings and recommendations made by the

16  magistrate judge."  *Ramos*, 65 F.4th at 433 (quoting 28 U.S.C. § 636(b)(1)(C)).  "In

17  providing for a *de novo* determination . . . [,] Congress intended to permit whatever

18  reliance a district judge, in the exercise of sound judicial discretion, chose to place on

19  a magistrate[ ] [judge's] proposed findings and recommendations."  *Id.* (quoting

20  *United States v. Raddatz*, 447 U.S. 667, 676 (1980)) (omission included; alterations

21  added).  In contrast, where no objection is made, that portion of the findings and

22  recommendations are only reviewed for clear error.  *See* Fed. R. Civ. P. 72(b).

23  **II.    Analysis**

24    A plaintiff may proceed in federal court without paying filing fees if the plaintiff

25  is sufficiently poor, which requires the plaintiff to submit an affidavit in support under

26  28 U.S.C. § 1915(a).  However, "the court shall dismiss the case at any time if the court

27  determines that" the allegation of poverty is untrue, that the action is frivolous or

28  malicious, that the action fails to state a claim on which relief may be granted, or that

                                            3

1    action seeks monetary relief against a defendant who is immune from such relief.  *Id.*

2    § 1915(e)(2).  Thus, there are four independent reasons for dismissing a complaint.

3    First, a complaint may be dismissed where the plaintiff made false allegations of

4    poverty.  *See, e.g.*, *Witkin v. Lee*, No. 2:17-CV-0232-JAM-EFB-P, 2020 WL 2512383, at

5    *5–7 (E.D. Cal. May 15, 2020), *R and R adopted*, 2020 WL 4350094 (E.D. Cal. July 29,

6    2020).  Second, a complaint may be dismissed where the action is frivolous, that is,

7    where the action "is 'of little weight or importance: having no basis in law or fact.'"

8    *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (first quoting *Webster's Third*

9    *International Dictionary* 913 (1993); and then citing *Goland v. United States*, 903 F.2d

10   1247, 1258 (9th Cir. 1990)).  Third, a complaint may be dismissed "if it was filed with

11   the 'intention or desire to harm another.'"  *Id.* (quoting *Webster's Third New*

12   *International Dictionary* 1367 (1993)).  Finally, a complaint may be dismissed if the

13   action fails to state a claim upon which relief can be granted and would thus fail under

14   Federal Rule of Civil Procedure 12(b)(6).  *See, e.g.*, *Knapp v. Hogan*, 738 F.3d 1106,

15   1109 (9th Cir. 2013).

16         As a fellow judge on the Eastern District has observed regarding dismissal for

17   making false allegations of poverty: "Courts have not been totally uniform in their

18   application of § 1915(e)(2)(A), but a close reading of the cases applying the statute

19   reveals consistent considerations guiding the courts' analyses."  *Witkin v. Lee*, No.

20   2:17-CV-0232-JAM-EFB-P, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), *R and R*

21   *adopted*, 2020 WL 4350094 (E.D. Cal. July 29, 2020).  "Consistent with [the Ninth

22   Circuit's approach in *Escobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015)],

23   other courts have concluded that, where the allegation of poverty is untrue but there

24   is no showing of bad faith, the court should impose a lesser sanction than outright

25   dismissal with prejudice . . . ."  *Id.*  [F]or example, revoking IFP and provid[ing] a

26   window for the plaintiff to pay the filing fees, or dismissing without prejudice[ ]" are

27   appropriate sanctions in the absence of bad faith.  *Id.*  "On the flip side, courts

28   routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally

4

1  withheld information that may have disqualified plaintiff from obtaining IFP status or

2  has otherwise manipulated his finances to make it appear that a plaintiff is poorer than

3  he actually is . . . ." *Id.*  In a good number of cases finding bad faith, prisoner-plaintiffs

4  have diverted funds in the period leading up to their IFP application to others, usually

5  family members.  *Id.* at *4 (collecting cases).  In total, "[t]hese cases reveal that the

6  essential questions before the court are: (1) was plaintiff's allegation of poverty untrue

7  and, if so, (2) did plaintiff submit the untrue IFP application in bad faith?"  *Id.* at *5.

8  **A.    The Allegation of Poverty Was True at the Time of the Application**

9  **1.    Changes That Occurred After Plaintiff Filed Are Irrelevant**

10  First, Plaintiff objects to the Magistrate Judge findings of fact, arguing that "the

11  Magistrate draws all the purported facts from the defendants' motion instead of the

12  record."  (ECF No. 33 at 5 (citing ECF No. 32 at 6–8).)  However, the Magistrate Judge

13  properly took judicial notice of prior filings involving Plaintiff and only took judicial

14  notice of those facts not subject to reasonable dispute.  *See, e.g.*, *Harris v. Cnty. of

15  Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that the court "may take judicial

16  notice of undisputed matters of public record . . . including documents on file in

17  federal or state courts" (citations omitted)).  *Accord Karas v. Cal. Dep't of Corr. and

18  Rehab.*, No. 21-15905, 2023 WL 8889552, at *1 n.3 (9th Cir. Dec. 26, 2023) (citing

19  *Harris* and taking judicial notice of the plaintiff's prior habeas petition in state court

20  and the related dockets and orders while affirming the district court's dismissal of the

21  complaint under 28 U.S.C. § 1915A).  Thus, even under a *de novo* review, there was

22  no error here in relying on material subject to judicial notice.

23  However, based on the undisputed evidence on record, the Court disagrees

24  with the Magistrate Judge that Plaintiff fabricated his impoverished status.  Indeed,

25  although Plaintiff submitted two IFP applications on July 25, 2022 and July 28, 2022

26  that stated that he was "transient" and that he had no money available, Plaintiff

27  disclosed all the information required by the application.  (*See* ECF No. 2 at 2; ECF

28  No. 6 at 2.)  That, as Defendants and the Magistrate Judge pointed out, Plaintiff did

1   not disclose his employment status in his August 18, 2022 Notice is irrelevant to

2   whether the allegation of poverty was true on July 7, 2022, when Plaintiff signed the

3   declaration supporting his IFP Motion.  (*See* ECF No. 23 at 2, 7–8; ECF No.32 at 7–8.)

4          Similarly, the only argument Defendants made regarding the availability of

5   assets from Plaintiff's partner was that "California is a community property state, such

6   that all property acquired during the marriage is community property."  (ECF No. 29 at

7   3 (citing Cal. Fam. Code § 760).)  However, as that definition makes clear, communal

8   property only exists *after* the marriage is consummated and *after* the property was

9   acquired by the *married* couple.  *See, e.g.*, *In re Bace*, 908 F.3d 531, 537 (9th Cir.

10  2018) (explaining that "classification of property as community or separate property

11  depends on the time of its acquisition[,]" and that property acquired before the

12  marriage is separate property but property acquired during the marriage is

13  community property except as provided by statute (collecting sources)).  Thus, as of

14  July 7, 2022, Plaintiff had *no* community property and *only* had separate property, all

15  of which he accurately reported.  Therefore, Plaintiff did not fail to disclose any

16  financial assets acquired as a result of his marriage.

17         At base, Defendants seek to discredit Plaintiff's July 7, 2022 declaration by

18  relying on information and changes that came *after* Plaintiff filed his IFP application.

19  Thus, that information has *no* bearing on whether Plaintiff's allegation of poverty was

20  false at the time it was made.  And, based on the undisputed record and materials

21  submitted with Plaintiff's applications, the Court cannot find that Plaintiff fabricated

22  allegations of poverty.  Therefore, the Court declines to dismiss Plaintiff's Complaint

23  under 28 U.S.C. § 1915 for making untrue allegations of poverty.

24         **2.      Plaintiff Did All That Was Explicitly Required of Him**

25         Moreover, even though Plaintiff is an "experienced litigator," he should not be

26  faulted for failing to disclose the financial status of his then-fiancée and now-wife

27  because it was not clear to Plaintiff that he ever had a duty to disclose such

28  information.  (*See* ECF No. 23 at 7–8; ECF No. 32 at 8.)  Here, Defendants cite cases to

1   argue that "[t]he Court may consider Plaintiff's spouse's financial resources in

2   determining whether he is entitled to *in forma pauperis* status."  (ECF No. 23 at 9

3   (citing *Lafavor v. Comm'r of Soc. Sec.*, No. 1:23-cv-00745-CDB-SS, 2023 WL 3872172

4   (E.D. Cal. May 23, 2023); *Calderon v. Comm'r of Soc. Sec.*, No. 1:22-cv-00890-SAB,

5   2022 WL 3088494 (E.D. Cal. July 27, 2022); *Escobedo*, 787 F.3d at 1226)).)  However,

6   *Lafavor* merely stated, without any support or discussion, the unremarkable

7   proposition that the "Court may consider Plaintiff's spouse's financial resources in

8   determining whether she is entitled to *in forma pauperis* status."  *Lafavor*, 2023 WL

9   3872172, at *1.  *Lafavor* does not stand for the proposition that the court *must*

10  consider the financial resources of a party's spouse, much less that a plaintiff seeking

11  IFP status *must* disclose their spouse's financial resources, which is what Defendants

12  suggest with their citation and what the Magistrate Judge apparently understood

13  those cases to establish.  (*See* ECF No. 32 at 8 ("Plaintiff did not commit a minor

14  misstatement or omission; instead, he manipulated his housing status to appear that

15  he was homeless, omitted his wife's income, and deliberately misrepresented his

16  employment status to conceal the true facts from the court.").)

17          Furthermore, the form Plaintiff was required to complete makes no mention of

18  spouses or partners or people upon whom the plaintiff might be depending upon, but

19  it does ask the person to list anyone depending on them for support.  (*See* ECF Nos.

20  2, 6.)  *See also* Application to Proceed in District Court Without Prepaying Fees or

21  Costs (revised July 2010),

22  https://www.caed.uscourts.gov/caednew/assets/File/IFP%20Form.pdf.  Plaintiff

23  cannot be faulted for heeding directions and not doing something he was not told.[1]

24

25  [1] Indeed, the Magistrate Judge cited to *Witkin v. Lee*, which cited to *Kennedy v. Huibregtse*, 831 F.3d
    441, 443–44 (7th Cir. 2016), to argue that Plaintiff had notice of the need to provide information on his
26  partner's income, but *Kennedy* and *Witkin* both involved plaintiffs who diverted resources to hide assets
    from the court, *see Witkin*, 2020 WL 2512383, at *5; *Kennedy*, 831 F.3d at 444, which is *not* present
27  here.  Thus, *Witkin* and *Kennedy* are better understood for the proposition that a plaintiff cannot hide
    financial assets by diverting resources within its control — not that a plaintiff must disclose every piece of
28  financial information, including that of any partners or spouses.

### 3.      The Suggestion of Bad Faith Over Allegations of Homelessness Are Overstated

Finally, Defendants overstate the inferences that can be drawn from Plaintiff disclosing his "transient" status on his IFP applications. (*See* ECF No. 23 at 7–8; ECF No. 33 at 7–8.)  While Plaintiff did write that he was released on parole as a "transient," Plaintiff does not state that he is homeless.  While the Court has concerns that Plaintiff may have created a suggestion of homeless that was not true, there is no showing that Plaintiff's inaccuracy foreclosed IFP eligibility and Defendants have not argued otherwise.  *Compare with Witkin*, 2020 WL 2512383, at *3 (citing *Camp v. Oliver*, 798 F.2d 434, 438–39 (11th Cir. 1986)).  Thus, Defendants' interpretation of Plaintiff's truthful disclosure of his status on parole is not enough to establish bad faith. *Compare with Escobedo*, 787 F.3d at 1234 n.8 (describing the defendant's evidence as a "scanty offering" that revealed "[n]o significant misrepresentations" regarding expenses).

### B.      Plaintiff Did Not Bring This Case Maliciously

Defendants also argue, and the Magistrate Judge concluded, that Plaintiff brought this lawsuit in bad faith. (*See* ECF No. 23 at 9-10; ECF No. 32 at 4-6.)  Here, both rely on statements Plaintiff apparently revealed indicating that Plaintiff wanted to bring the authorities to justice and to "knock down CDCR for about $250,000." (ECF No. 23 at 5-6; ECF No. 32 at 4.)  However, before a dismissal can be characterized as malicious, the court must specifically find that the complaint was filed with the intention or desire to harm another.  *See Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) (quoting *Andrews*, 398 F.3d at 1118).

Here, the docket reveals that Plaintiff brought a limited lawsuit that was already screened as raising legitimate claims. (*See* ECF No. 11.)  Therefore, Plaintiff's claims are not frivolous based on the Magistrate Judge's own determination.  *See Andrews*, 398 F.3d at 1121 (citations omitted).  This thus cuts against finding that the case was brought maliciously or with the intent to harm because, by brining non-frivolous

claims, Plaintiff seeks to vindicate his rights, which means that there is a plausible reason to bring this suit other than to harm or harass Defendants.

Moreover, Plaintiff clearly takes the position that he is bringing this lawsuit to fight what he perceives to be injustices within the California prison and legal system, thus further detracting from a finding that Plaintiff brought this lawsuit to harm or harass Defendants.  Indeed, although Plaintiff wrote that he hoped to extract $250,000 from Defendants, that statement does not automatically suggest that Plaintiff intended to harm Defendants to the tune of $250,000.  Rather, Plaintiff seems to seek such money to "significantly impact the[ ] perpetual evil practices[ ]" allegedly committed by Defendants.  (*See* ECF No. 33 at 3.)  That does not suggest an intent to harm or harass Defendants.

Further, almost every plaintiff suing prisons and correctional officials is seeking money as compensation, so a stated desire to extract large sums of money from defendants cannot – alone – form the basis for a finding of maliciousness, or else almost every lawsuit would be dismissed maliciously.  And even though the Magistrate Judge found malice based on Plaintiff's litigation history (*see* ECF No. 32 at 6), that history undermines that conclusion because Plaintiff has never had a lawsuit dismissed as frivolous in his 15-year litigation history.  (*See* ECF No. 33 at 3.)

Admittedly, Plaintiff re-asserts claims he has previously litigated against new parties now.  (*See* ECF No. 23 at 5, 9–10; ECF No. 32 at 4–6.)  But Plaintiff's denial of exercise claim was *successful*, meaning that it was not frivolous and that it was deserving of a remedy, which would suggest that the claim was brought with the intent to remedy a real harm.  (*Compare with* ECF No. 32 at 6 ("However, plaintiff's 2021 statements that he intended to prosecute 20 cases against CDCR in this district court to net $250,000, considered with his litigation history, shows an intent to abuse the federal justice system for the purpose of harming or harassing defendants in bringing such a claim in the present case.").)  That Plaintiff brings a similar claim against other defendants does not detract from the potentially remedial aims of the

1 | underlying lawsuit.  If anything, the prior success suggests that the subsequent lawsuit

2 | was brought to "significantly impact the[ ] perpetual evil practices[ ]" allegedly

3 | committed by Defendants.  (*See* ECF No. 33 at 3.)

4 |    As a result, the Court concludes that there is insufficient evidence to establish

5 | that Plaintiff brought this lawsuit with the intention to harass or harm Defendants,

6 | rather than with the intention to ensure compliance with constitutional requirements

7 | for all incarcerated individuals.

8 | **CONCLUSION**

9 |    For the reasons set forth above, the Court REJECTS the Magistrate Judge's

10 | Findings and Recommendations (ECF No. 32).  The Court hereby ORDERS Plaintiff to

11 | pay the filing fee within 30 days of this Order being docketed.  IT IS SO ORDERED.

12 |

13 |    IT IS SO ORDERED.

14 | Dated:   **September 20, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

22 | DJC3 – witkin.22cv1310.fnr.jo

10